993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cynthia W. WAGNER, Plaintiff/Appellant,
v.
CITY OF KENT, et al., Defendants/Appellees.
 No. 92-3433.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1993.
 
 Before: MILBURN and RYAN, Circuit Judges; and COFFIN, Senior Circuit Judge.*
 FRANK M. COFFIN, Senior Circuit Judge.
 
 
 1
 Whatever may be the merits of the underlying controversy between plaintiff Wagner and defendant City of Kent, we have to say that this appeal has none. The district court, in a careful and succinct opinion, on which we mainly rely, granted summary judgment to both the City and Portage County. We add a few comments to communicate our unhappiness with the advocacy involved in this appeal.
 
 
 2
 In the first place, plaintiff having failed to address any claims against Portage County in her appellate brief, the County was dismissed. See International Union, UAW v. United Screw & Bolt Corp., 941 F.2d 466, 471 (6th Cir.1981). In the second place, we were favored with a brief on appeal that repeated, verbatim, the bulk of the brief filed by plaintiff in opposition to Kent's motion to dismiss. Accordingly, in its treatment of the legal issues relating to Count I (CERCLA) and Count III (taking), the brief did not take into account the reasoning and holdings of the district court.
 
 
 3
 The district court dismissed the CERCLA claim as premature, there being no allegation of immediate threat of injury. The brief irrelevantly argues that the City could be treated as "owner" under certain legislation. The district court dismissed the taking claim for non-exhaustion of state remedies, pointing out that there could have been an appeal from Ohio EPA's denial of a "Permit to Install" under O.A.C. 3745-47-13, and a suit brought under O.R.C. § 163.03 ("reimbursement for any actual damage, resulting to ... lands [and] waters ... as a result of ... drillings ..."). The brief mentions neither ground and confines itself to its argument below that a municipality has no power of eminent domain beyond its geographical limits, citing Britt v. City of Columbus, 38 Ohio St.2d 1 (1974).
 
 
 4
 Even this effort is flawed. The basic argument would have to be that an inverse condemnation state remedy available to plaintiff depended upon the City's eminent domain power; that is, for plaintiff to be able to ask an Ohio court to force the City to give "taking" damages to her because of the loss of the value of her landfill resulting from the testing of subsurface water levels and flows, the City would have had to possess the power to condemn her land. Article XVIII, Section 4, of the Ohio Constitution gives municipalities the power to acquire or construct a public utility outside their corporate limits, and the power to condemn for the purpose. Plaintiff's invocation of Britt was inapposite; Britt merely held that the above cited constitutional power of eminent domain was not available for a utility that serviced solely non-residents. Such a situation is not presented by this case.
 
 
 5
 It remains only for us to consider the short section of the brief on appeal that was not merely a repetition in haec verba of the argument below. It merely restated the general standards applicable to summary judgment rulings in relation to the requirement that there be no genuine issue of material fact. There was no suggestion of such an issue in the instant case. And, adding insult to injury, one page was reproduced twice. At oral argument counsel attempted to argue, for the first time, that the existence of a public utility (water supply) purpose on the part of the City in doing its testing was a disputed issue of fact. But the complaint itself had alleged such a purpose and there were no contraindications in any of the materials submitted to the district court.
 
 
 6
 Affirmed. Double costs to appellees.
 
 
 
 *
 The Honorable Frank M. Coffin, United States Senior Circuit Judge for the First Circuit, sitting by designation